UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Navarre Corporation,

Plaintiff,

v.

Civ. No. 01-2274 (JEL/JGL)
ORDER

TurboLinux, Inc.,

Defendant.

---

Jeffrey R. Ansel, Esq., Winthrop & Weinstine, P.A., appeared for Plaintiff Navarre Corporation.

Defendant TurboLinux, Inc., did not appear.

---

This is an action by Navarre Corporation (Navarre) against TurboLinux, Inc. (TurboLinux) for breach of contract and account stated. Navarre originally brought the action in Minnesota state court. TurboLinux removed the action to this Court and asserted counterclaims for breach of contract and account stated. The matter comes before the Court on Navarre's Motion for Summary Judgment on its claims and on TurboLinux's counterclaims. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a) (2000).

Navarre and TurboLinux entered into a Computer Software Distribution Agreement (Agreement) in September 1999. Navarre agreed to purchase products from TurboLinux, which Navarre then sold to its customers. The Agreement required TurboLinux to pay Navarre for various services, and to provide Navarre with refunds for products returned by Navarre.

Navarre claims that over the course of the parties' relationship, TurboLinux became indebted to Navarre in the amount of $221,364.31. The evidence submitted by Navarre in support of its motion indicates that TurboLinux has acknowledged Navarre's entitlement to that amount. Specifically, the record reveals that on July 5, 2001, Navarre provided TurboLinux with

NOV 1 2 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED NOV 1 2 2002
DEPUTY CLERK'S INITIALS

an Accounts Payable Open Aging Report (Report). (Burke Aff. ¶ 15.) This Report, which summarized and documented each of the transactions that occurred between Navarre and TurboLinux, showed a balance of $199,678.31 in favor of Navarre. (*Id.* ¶¶ 4, 15.) In addition, Navarre informed TurboLinux that it wanted to return its inventory of TurboLinux products, which was worth $21,686.00. (*Id.*) In May 2002, TurboLinux's corporate controller, Marc Heberley, acknowledged that the amount shown in the Report was due and owing, and he also authorized Navarre to return its inventory of TurboLinux products. (*Id.* ¶ 22.) Navarre returned its inventory on May 30, 2002. (*Id.* ¶ 23.) After receiving the inventory and confirming its value, Heberley acknowledged that Navarre was entitled to a refund of $21,686.00. (*Id.*) Heberley also agreed that TurboLinux owed Navarre $221,364.31, a figure that represents the sum of the $199,678.31 balance shown on the Report and the $21,686.00 refund. (*Id.*) There is no dispute that, to this date, TurboLinux has failed to pay any portion of the $221,364.31 balance to Navarre. (*Id.* ¶ 24.)

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When, as here, a motion for summary judgment is properly supported, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In this case, TurboLinux has failed to offer any response to Navarre's motion, and has therefore failed to sustain its burden under Rule 56(e).

Based on these considerations, IT IS ORDERED THAT:

1. Plaintiff Navarre's Motion for Summary Judgment [Doc. No. 14] is GRANTED.

2. Plaintiff Navarre is entitled to a judgment against Defendant TurboLinux in the amount of $221,364.31, plus prejudgment interest.

LET JUDGMENT BE ENTERED ACCORDINGLY.

November 12, 2002

JOAN ERICKSEN LANCASTER
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995